MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:  +1.415.442.1000
Fax:  +1.415.442.1001

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS CALDWELL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ELON MUSK; X CORP., f/k/a TWITTER, INC.; TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY; LINDSAY CHAPMAN; BRIAN BJELDE; DHRUV BATURA; and DOES 1-20, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:24-cv-02022-MMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT, SEVERANCE BENEFITS, EQUITABLE RELIEF, AND STATUTORY PENALTIES (ERISA)**<br><br>Complaint Filed:   April 3, 2024 |

Defendants Elon Musk, X Corp., the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy, Lindsay Chapman, Brian Bjelde, and Dhruv Batura (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the allegations in the Complaint for Breach of Contract, Severance Benefits, Equitable Relief, and Statutory Penalties (ERISA) ("Complaint") filed by Plaintiff Nicholas Caldwell ("Plaintiff"), and assert their defenses as follows.

All admissions made in Defendants' Answer to Plaintiff's Complaint are made as of the date of this filing, unless otherwise stated. Defendants reserve the right to amend and/or supplement their Answer and defenses.

### GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

### ANSWER TO PLAINTIFF'S SPECIFIC ALLEGATIONS:

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.[1]

### INTRODUCTION

1. Defendants admit that Plaintiff was the former GM, Core Tech at Twitter. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2 and its footnote.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants admit that Plaintiff purports to bring claims under Sections 502(a)(1)(B), 502(c), and 510 of ERISA, as well as claims for breach of contract and the implied covenant of good faith and fair dealing. Defendants deny the remaining allegations in Paragraph 4.

### PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's

---

[1] Defendants do not understand the headers or sub-headers in the Complaint to assert any substantive allegations. Defendants therefore do not respond individually to the headers or sub-headers. Defendants restate the headers and sub-headers for ease of reading and organization only. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

1   residence. Defendants admit that Plaintiff was formerly employed at Twitter in the role of GM, Core Tech and worked at Twitter's location in San Francisco. Defendants deny the remaining allegations in Paragraph 5.

4   6.   Defendants admit that Musk is the owner, sole member of the Board of Directors, Chief Technology Officer, and Executive Chairman of X Corp., the successor-in-interest to Twitter, Inc., and that he served as CEO from the establishment of X Corp. until June 4, 2023. Defendants deny the remaining allegations in Paragraph 6.

8   7.   Defendants admit that X Corp. is incorporated in Nevada. Defendants further admit that X Corp. is the current Plan sponsor and covers the cost of the Plan and Plan benefits. Defendants deny the remaining allegations in Paragraph 7.

11   8.   Defendants deny the allegations in Paragraph 8.

12   9.   Defendants admit that a small number of individuals employed at X Corp. are friends or family members of Musk, and that certain investors provide services to X Corp. Defendants deny the remaining allegations in Paragraph 9.

15   10.   Defendants admit that a small number of employees of other entities affiliated with Musk have assisted with X Corp. business from time to time. The fourth sentence of Paragraph 10 purports to characterize an unspecified court document, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the document. Defendants deny the remaining allegations in Paragraph 10.

20   11.   Defendants deny the allegations in Paragraph 11.

21   12.   Paragraph 12 asserts legal conclusions and purports to characterize the Plan, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the Plan and deny the remaining allegations in Paragraph 12.

24   13.   Defendants admit that Lindsey Chapman is Senior Director, Human Resources at SpaceX, was delegated the authority to serve as the Administrator of the Plan, as defined by the Plan, and as the Plan's Administrator, determined Plaintiff's administrative claim for benefits under the Plan. Defendants further admit that Ms. Chapman, Brian Bjelde, and Dhruv Batura were members of the Twitter Severance Administration Committee ("Committee") when the Committee

1  determined Plaintiff's appeal of the denial of his claim for benefits. Defendants further admit that
2  Brian Bjelde is employed at SpaceX as Vice President of Human Resources. Defendants further
3  admit that Dhruv Batura is employed at X Corp. as Senior Director, Finance, and previously worked
4  at Tesla.  Defendants deny the remaining allegations in Paragraph 13.

      14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and accordingly deny those allegations.

      15.    Defendants deny the allegations in Paragraph 15.

**JURISDICTION, VENUE, and DIVISIONAL ASSIGNMENT**

      16.    Paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring his claims under ERISA and further admit that this Court has subject-matter jurisdiction over this action based on their current understanding of Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 16.

      17.    Paragraph 17 asserts legal conclusions and purport to characterize a written document, which speaks for itself; thus, no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District.  Defendants deny the remaining allegations in Paragraph 17.

      18.    Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff alleges that a substantial part of the events giving rise to his claims occurred in San Francisco County. Defendants deny the remaining allegations in Paragraph 18.

**FACTUAL BACKGROUND**

      19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19; accordingly, Defendants deny those allegations.

      **A.**    **Mr. Caldwell Was a Successful Executive at Twitter.**

      20.    Defendants admit that Plaintiff was hired by Twitter on June 15, 2020, in the position of VP, Engineering and that he reported to Michael Montano, head of Engineering, through December 31, 2021. Defendants further admit that, at the time, Mr. Montano was a member of

Staff and reported to Twitter's CEO at the time, Jack Dorsey. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants admit that Plaintiff received a written performance review for the period January 1, 2021 – December 31, 2021. Paragraph 21 purports to characterize that written performance review, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the written document and deny that Plaintiff received a "4/5 rating." Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit that Parag Agrawal became Twitter's CEO on November 29, 2021. Defendants further admit that Plaintiff was promoted to GM, Core Tech on December 31, 2021. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that Plaintiff received an Impact Award in 2022. Defendants deny the remaining allegations in Paragraph 23.

**B.     Twitter Approved Mr. Caldwell's Participation in the Plan.**

24. Defendants admit that on December 31, 2021, by virtue of his position as GM, Core Tech, Plaintiff became a member of Staff. Defendants further admit that Plaintiff signed a Change of Control and Involuntary Termination Protection Policy Participation Agreement on May 11, 2022. The third and fourth sentences of Paragraph 24 purport to characterize the Compensation Committee meeting minutes, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the document. Defendants deny the remaining allegations in Paragraph 24.

25. Paragraph 25 purports to characterize the written Plan and a participation agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of those documents and deny the remaining allegations in Paragraph 25.

26. Paragraph 26 purports to characterize the written Plan and a participation agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of those documents and deny the remaining allegations in Paragraph 26.

### C. Elon Musk Created Massive Uncertainty During his Chaotic Takeover of Twitter

27. Defendants admit that Musk purchased shares of Twitter common stock on January 31, 2022, and that he owned 9.1% of Twitter's shares of common stock as of April 4, 2022. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants admit that on April 9, 2022, Musk rejected an offer to join Twitter's Board of Directors, and instead notified Twitter's CEO, Parag Agrawal, of his intent to submit an offer to acquire Twitter. Defendants also admit that on April 13, 2022, Musk sent Twitter's Board of Directors an offer to purchase all outstanding shares of the company for $54.20 per share—a total acquisition price of $44 billion. Defendants admit that the offer reflected a premium over Twitter's share price. Defendants admit that the Merger Agreement was executed on April 25, 2022. Defendants deny the remaining allegations in Paragraph 28.

29. The second sentence of Paragraph 29 purports to characterize and quote selected excerpts of a tweet, which speaks for itself; thus, no response is required. Defendants admit that on July 8, 2022, through correspondence, Twitter was advised that Musk was terminating the Merger Agreement. Defendants deny any characterization contrary to the tweet and deny the remaining allegations in Paragraph 29.

30. Defendants admit that Twitter sued Musk to enforce the Merger Agreement. Defendants further admit that on October 3, 2022, X Holdings I, Inc. and X Holdings II, Inc. (collectively, "Buyer") notified Twitter that Buyer intended to proceed to closing as contemplated in the Merger Agreement. Defendants further admit that the litigation was stayed on October 6, 2022, and that Musk was not deposed. Defendants also admit that the transaction closed on October 27, 2022. Defendants deny the remaining allegations in Paragraph 30.

31. Paragraph 31 purports to characterize articles, written communications and tweets, which speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the documents and deny the remaining allegations in Paragraph 31.

### D. Musk Terminated Mr. Caldwell After His Resignation for Good Reason

**Became Effective.**

32. Paragraph 32 asserts argument and purports to characterize the written Plan document and a news article, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the written documents and deny the remaining allegations in Paragraph 32.

33. Defendants admit that on November 8, 2022, Twitter was delisted from the New York Stock Exchange and shares were no longer traded on public markets. Defendants further admit that on October 28, 2022, Plaintiff sent an email with a letter attached. Paragraph 33 purports to characterize the email, attached letter and the written Plan document, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to those documents and deny the remaining allegations in Paragraph 33.

34. Defendants admit that Twitter sent an email to Plaintiff on November 2, 2022. Paragraph 34 purports to characterize that email, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to that email and deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Musk sent Plaintiff a letter dated November 27, 2022. Paragraph 36 purports to characterize and quote that letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 36.

E. **Musk's Employees Denied Mr. Caldwell's Claim for Benefits Based on False and Shifting Reasons**

   1. **Musk Employee Lindsay Chapman Denied Mr. Caldwell's Claim Based on False and Shifting Reasons.**

37. Defendants admit that Musk sent Plaintiff a letter dated November 27, 2022. Paragraph 37 purports to characterize and quote that letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that the letter informed Plaintiff

that he was being terminated for cause but deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 37.

38. Defendants admit that Plaintiff submitted a letter to the Plan Administrator dated December 20, 2022. Paragraph 38 purports to characterize that letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 38.

39. Defendants admit that Lindsay Chapman is currently employed at SpaceX and that Ms. Chapman sent a letter to Plaintiff dated February 16, 2023, informing Plaintiff of her role as Plan Administrator. Paragraph 39 purports to characterize that letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 39.

40. Paragraph 40 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that in the role of Plan Administrator, Ms. Chapman sent a letter dated June 15, 2023, denying Plaintiff's claim for benefits under the Plan. Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 40.

41. Paragraph 41 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 41.

42. Paragraph 42 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 42.

43. Paragraph 43 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 43.

44. Defendants admit that, through counsel, Plaintiff submitted letters dated December 20, 2022, June 26, 2023, July 24, 2023, and September 11, 2023. Paragraph 44 asserts argument and purports to characterize the letters, which speak for themselves; thus, no response is required.

To the extent a response is required, Defendants deny any characterization contrary to these letters and deny the remaining allegations in Paragraph 44.

### 2. Mr. Caldwell Timely Appealed the Improper Denial of His Claim.

45. Paragraph 45 purports to characterize a letter and attached exhibits, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants admit that Plaintiff submitted a letter to the Twitter Severance Administration Committee dated October 9, 2023, which included attached exhibits. Defendants deny any characterization contrary to the letter and its exhibits and deny the remaining allegations in Paragraph 45.

46. Paragraph 46 purports to characterize a letter and attached exhibits, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and its exhibits and deny the remaining allegations in Paragraph 46.

47. Defendants admit that Plaintiff submitted a written declaration from William R. Herochik with attachments with his appeal. Paragraph 47 purports to characterize the written declaration and its attachments, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the written declaration and its attachments deny the remaining allegations in Paragraph 47.

48. The first, second, and third sentences of Paragraph 48 purport to characterize a letter and attached exhibits, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and its exhibits. Defendants deny the remaining allegations in Paragraph 48.

### 3. Musk's Employees Purporting to Act as the Severance Administration Committee Denied Mr. Caldwell's Appeal for False and Shifting Reasons.

49. Defendants admit that the Committee denied Plaintiff's appeal by letter dated February 6, 2024. Defendants further admit that Ms. Chapman, Mr. Bjelde, and Mr. Batura served as members of the Committee at the time when the Committee determined Plaintiff's appeal of the denial of his claim for benefits. Defendants deny the remaining allegations in Paragraph 49.

50. Paragraph 50 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 50.

51. Paragraph 51 purports to characterize a letter, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the letter and deny the remaining allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Paragraph 53 asserts argument to which no response is required. To the extent a response is required, Defendants admit that Plaintiff was promoted to the position of GM, Core Tech and became a member of Staff on December 31, 2021 that Plaintiff signed a Change of Control and Involuntary Termination Protection Policy Participation Agreement on May 11, 2022, and that the Merger Agreement was signed on April 25, 2022. The third sentence of Paragraph 53 purports to characterize the written minutes of Compensation Committee meetings, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to those documents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's understanding or belief. Defendants deny the remaining allegations in Paragraph 53.

**F.   The Plan Administrator and Committee Falsely Asserted that the Plan Does Not Allow for Acceleration of Equity.**

54. Paragraph 54 purports to characterize and quote the written Plan document and a participation agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 54 quotes a selected excerpt from the Plan. Defendants deny any characterization contrary to the terms of the Plan and participation agreement and deny the remaining allegations in Paragraph 54.

55. Paragraph 55 purports to characterize the written RSU and PSU agreements, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the RSU and PSU agreements and deny the remaining allegations in Paragraph 55.

56. Paragraph 56 purports to characterize the written RSU and PSU agreements, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the RSU and PSU agreements and deny the remaining allegations in Paragraph 56.

### 1. The Merger Agreement

57. Defendants admit that on April 25, 2022, Twitter entered into a Merger Agreement through which Twitter would be purchased by X Holdings I, Inc. and X Holdings II, Inc. (collectively, "Buyer").

58. Paragraph 58 purports to characterize and quote the written Merger Agreement, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 58 quotes a selected excerpt from the Merger Agreement. Defendants deny any characterization contrary to the terms of the Merger Agreement and deny the remaining allegations in Paragraph 58.

59. Paragraph 59 purports to characterize and quote the written Merger Agreement, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 59 quotes a selected excerpt from the Merger Agreement. Defendants deny any characterization contrary to the terms of the Merger Agreement and deny the remaining allegations in Paragraph 59.

60. Defendants admit that the Twitter Board of Directors approved the Merger Agreement in its April 25, 2022 Board minutes. The remaining allegations in Paragraph 60 purport to characterize the written Merger Agreement, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the Merger Agreement and deny the remaining allegations in Paragraph 60.

### 2. The Proxy Statement

61. Defendants admit that Twitter issued a Proxy Statement on May 25, 2022. Paragraph 61 purports to characterize the written Proxy Statement, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 61 quotes a selected excerpt from the Proxy Statement. Defendants deny any

characterization contrary to the terms of the Proxy Statement and deny the remaining allegations in Paragraph 61.

62. Paragraph 62 purports to characterize the written Proxy Statement, written Plan document, and a participation agreement relating to the Plan, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants admit that the second sentence of Paragraph 62 accurately quotes a selected excerpt from the Proxy Statement. Defendants deny any characterization contrary to the terms of those documents and deny the remaining allegations in Paragraph 62.

63. Defendants admit that Twitter issued the May 25, 2022 Proxy Statement after the Merger Agreement was signed on April 25, 2022. Paragraph 63 purports to characterize the Proxy Statement, the Plan, and a participation agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of those documents and deny the remaining allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

**G.    Twitter Failed to Pay Mr. Caldwell Other Equity Awards He Was Owed on November 1, 2022, Pursuant to His Equity Plans.**

65. Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Plaintiff signed a Restricted Stock Unit Agreement and Notice of Restricted Stock Unit Grant dated December 14, 2021. Defendants also admit that the Merger Agreement provided for the acquisition of Twitter for an agreed price of $54.20 per share. Paragraph 66 purports to characterize the written RSU Agreement and Notice of RSU Grant and the Merger Agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of those documents. Defendants deny the remaining allegations in Paragraph 66.

67. Defendants admit that Plaintiff signed a Restricted Stock Unit Agreement and Notice of Restricted Stock Unit Grant dated April 8, 2021. Paragraph 67 purports to characterize this document and the Merger Agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the

1   terms of the documents. Defendants deny the remaining allegations in Paragraph 67.

2   68.   Defendants admit that Plaintiff signed a Restricted Stock Unit Agreement and Notice of Restricted Stock Unit Grant dated April 13, 2022. Paragraph 68 purports to characterize this document and the Merger Agreement, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the terms of the documents. Defendants deny the remaining allegations in Paragraph 68.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

**(ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))**

**(Claim for Benefits)**

**(Against All Defendants)**

69.   Defendants incorporate their responses to Paragraphs 1 through 68 as if fully set forth herein.

70.   Paragraph 70 asserts legal conclusions and purports to characterize a statute, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that 29 U.S.C. § 1132(a)(1)(B) generally permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendants deny the remaining allegations in Paragraph 70.

71.   Defendants deny the allegations in Paragraph 71.

72.   Defendants deny the allegations in Paragraph 72.

73.   Defendants deny the allegations in Paragraph 73.

## SECOND CAUSE OF ACTION

**(ERISA § 510, 29 U.S.C. § 1140)**

**(Interference with Attainment of Benefits through Unlawful Discharge)**

**(Against Defendants Elon Musk and X Corp.)**

74.   Defendants incorporate their responses to Paragraphs 1 through 73 as if fully set forth herein.

75. Paragraph 75 asserts legal conclusions and purports to characterize a statute, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants admit that Paragraph 75 quotes part of section 29 U.S.C. § 1140. Defendants deny the remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants admit that Plaintiff sent a letter to Twitter dated October 28, 2022, and that Plaintiff's employment was terminated for Cause via letter dated November 27, 2022. Paragraph 76 purports to characterize those letters, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to those letters and deny the remaining allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Paragraph 79 asserts legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

80. Paragraph 80 asserts legal conclusions and purports to characterize a statute, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the statute and deny the remaining allegations in Paragraph 80.

81. Defendants deny that Plaintiff is entitled to any relief.

### THIRD CAUSE OF ACTION

(ERISA § 502(c), 29 U.S.C. § 1132(c))

(Failure to Provide Required Materials)

(Against All Defendants)

82. Defendants incorporate their responses to Paragraphs 1 through 81 as if fully set forth herein.

83. Defendants admit that, through counsel, Plaintiff submitted letters dated December 20, 2022, June 26, 2023, July 24, 2023, and September 11, 2023. Paragraph 83 asserts legal conclusions and purports to characterize these letters, which speak for themselves; thus, no response is required. To the extent a response is required, Defendants deny any characterization

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

contrary to the letters and deny the remaining allegations in Paragraph 83.

84.  The first sentence of Paragraph 84 asserts legal conclusions and purports to characterize a statute, which speaks for itself; thus, no response is required. To the extent a response is required, Defendants deny any characterization contrary to the statute. Defendants admit that the Plan Administrator responded to Plaintiff's December 20, 2022 request on April 11, 2023. Defendants deny the remaining allegations in Paragraph 84.

85.  Defendants deny the allegations in Paragraph 85.

86.  Defendants deny the allegations in Paragraph 86.

## FOURTH CAUSE OF ACTION

**(Breach of Contract)**

**(Against Defendant X Corp.)**

87.  Defendants incorporate their responses to Paragraphs 1 through 86 as if fully set forth herein.

88.  Defendants deny the allegations in Paragraph 88.

89.  Defendants deny the allegations in Paragraph 89.

90.  Defendants deny the allegations in Paragraph 90.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

**(Against Defendant X Corp.)**

91.  Defendants incorporate their responses to Paragraphs 1 through 90 as if fully set forth herein.

92.  Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.  Defendants deny the allegations in Paragraph 93.

94.  Defendants deny the allegations in Paragraph 94.

## PRAYER FOR RELIEF

Defendants admit that Plaintiff purports to seek the relief identified in the Prayer for Relief, including certain forms of relief the Court has held Plaintiff may not recover as a matter of law.

Defendants deny that Plaintiff is entitled to any type of remedy, relief, or damages whatsoever, including the relief requested in Plaintiff's Prayer for Relief, and, further, deny all remaining allegations contained within these paragraphs of the Complaint.

### DEFENDANTS' ADDITIONAL DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendants allege the following defenses to the Complaint. Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses. Defendants explicitly reserve the right to assert and rely upon such other defenses to the extent that additional information becomes available. Defendants further reserve the right to amend their Answer and/or defenses accordingly, and/or to delete defenses that they determine are not applicable, as to the extent that additional information becomes available.

WHEREFORE, Defendants assert the following defenses and pray for judgment as set forth below.

### FIRST DEFENSE

Plaintiff is not entitled to the benefits he seeks under the terms of the Plan.

### SECOND DEFENSE

Plaintiff's ERISA § 502(a)(1)(B) claim for benefits under the Plan is barred because the Plan was administered in accordance with its terms.

### THIRD DEFENSE

The Plan Administrator has discretionary authority to interpret the Plan, and it exercised its discretion in interpreting the Plan's terms fairly, reasonably, and in good faith, and its interpretation is entitled to deference.

### FOURTH DEFENSE

The decision to deny Plaintiff's claims for benefits under the Plan was legally correct, was not arbitrary and capricious, and did not result from an abuse of discretion.

### FIFTH DEFENSE

Defendants have not violated any legal duty owed to Plaintiff, therefore Plaintiff is not entitled to recovery against Defendants.

**SIXTH DEFENSE**

Elon Musk and X Corp. are not proper defendants to some of the claims asserted against them by Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's right to relief is barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Recovery on Plaintiff's causes of action is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence.

**NINTH DEFENSE**

Because the Plan is a "top hat" plan exempt from ERISA's fiduciary duty and other relevant provisions, Plaintiff may not seek any form of relief, including equitable relief, that might otherwise be available for conduct constituting a breach of fiduciary duty.

**TENTH DEFENSE**

Defendants provide to Plaintiff all of the documents required to be furnished under ERISA and related regulations, including 29 U.S.C. § 1024(b)(4) and 29 C.F.R. § 2560.503-1(m).

**ELEVENTH DEFENSE**

The documents requested by Plaintiff were not limited to those to which a claim for penalties under 29 U.S.C. § 1132(c) attaches.

**TWELFTH DEFENSE**

Plaintiff executed a waiver or release of claims that bars his claims.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies prescribed in the Plan.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice;

that the Court enter judgment against Plaintiff and in favor of Defendants on all causes of action; that all of Defendants' costs and fees, including attorneys' fees, be awarded to Defendants; and that the Court grant such other relief as the Court may deem just and proper.

Dated: November 15, 2024                Respectfully submitted,

                                        MORGAN, LEWIS & BOCKIUS LLP

By *Christopher Boran*
Eric Meckley
Jeremy Blumenfeld (admitted *pro hac vice*)
Christopher Boran (admitted *pro hac vice*)
Abbey Glenn
Brian Sullivan (admitted *pro hac vice*)

*Attorneys for Defendants*